FILED

OCT 26 2006

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR06-50065 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | |
| JAMES DANIEL OCHSE, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant, James Daniel Ochse, by and through his attorney, Assistant Federal Public Defender Gary G. Colbath, Jr., filed a motion to suppress evidence, together with the required brief memorandum. The defense alleges the search of his father's house and garage should be suppressed because there was no search warrant obtained for the searches. The government filed their response alleging that the defendant had no reasonable expectation of privacy in his father's home. A suppression hearing was held on October 11, 2006.

## FACTS

Don Flemmer, U.S. Probation Officer, testified that he was the supervising officer for the defendant, James Daniel Ochse. One condition of the supervision was that the defendant needed to keep the officer informed as to his residence and live in an approved residence. Exhibit 2, the monthly report form, filed by the defendant indicates that he was living at 415 Seventh Street, Apartment #1, Rapid City, South Dakota, in June of 2006. On July 28, 2006, the defendant was arrested, and bonded out that date with his parents putting up the money. The defendant was not approved by his probation officer to move back into his parents' house. He was told he would be

placed in a halfway house, and not live in his parents' home. On August 3, 2006, the defendant broke into his parents' home by breaking a window in the entry door to the garage, and then forcing open the door from the garage to his parents home.

Marty Goetsch, a Lawrence County Deputy Sheriff with fifteen years experience, responded to a call made by the defendant's father who reported there was a burglary in progress at his home. Exhibit 1 is a copy of the tape recorded conversation between the defendant's father and the dispatch at Lawrence County Sheriff's Office. The father indicate he was in Billings, Montana, on vacation, and was informed by his son, James Daniel Ochse, that he had broken into his house. The father further indicated that his son did not live in that house, and that he was told by the probation officer to move into a halfway house in Rapid City. When the police arrived, they saw the garage door open, and a Jeep started backing out of the garage. When the operator of the Jeep noticed the police, he pulled the Jeep back into the garage and shut the door. Minutes later, they saw a man exit the garage running towards the back of the house. The officers gave chase, and the defendant fell into a ravine injuring himself in the fall. He was taken into custody. The officers observed that the window in the garage door had been broken, and that the door from the garage to the home was forced open with the jam being shattered. The officer made two sweeps of the house. The first a protective sweep to see if any other persons were in the home, and the second was for investigation to look into any damage to the home. At the time of these sweeps, the defendant was in custody. The house was owned by the father, and the vehicle, a 1998 Jeep, was also owned by the father according to Exhibit 2. Defendant was not charged with burglary, but was arrested on the federal warrant for probation violation. During the search of the house and the vehicle, the officers seized custody of firearms,

which are the subject of the federal Indictment. There was no search warrant, and no consent to search.

## ISSUE

**Does the defendant have any standing to contest the search of his father's house and his father's vehicle?**

## DECISION

Before the search can be suppressed it must be shown that the search was an unreasonable search and seizure in violation of the defendant's Fourth Amendment rights. Defendant must further show that he had a reasonable expectation of privacy in the places searched. United States v. Padilla, 508 U.S. 77 (1993). The test was laid out in Minnesota v. Carter, 525 U.S. 83 (1998). In order to have standing to object or a reasonable expectation of privacy you must demonstrate that the defendant personally has an expectation of privacy in the place searched, and that this expectation is reasonable. Thus, the court must look at all the facts and circumstances surrounding the search to determine whether the defendant's expectation of privacy is objectively reasonable. In this case, the defendant had no ownership interest either in the house or in the Jeep vehicle. In fact, he had broken into the house against his father's wishes, and against the probation officer's orders. The defense cites no case where a burglar has a reasonable expectation of privacy in the home or vehicle that he burglarizes. When there is a report of a burglary in progress the police officers are obligated to go to the residence, to enter the residence, and search for the burglars, and note damage to the residence. The officers had probable cause because of the phone call from the father saying that their son was burglarizing the house. They also checked with the probation officer, and found out that the defendant's

presence in the house was contrary to the probation officer's orders. They saw the defendant back the Jeep out of the garage, and when he noticed the police, he pulled back into the garage. All of these matters would give the officers probable cause to proceed with a search of the residence and the vehicle in the garage. Therefore, it is my finding and recommendation that the motion to suppress be denied on the basis there is no reasonable expectation of privacy for a burglar to object to the search of the home he has burglarized or the vehicle he has unlawfully seized.

Dated this 26th day of October, 2006.

BY THE COURT:

_____
MARSHALL P. YOUNG
UNITED STATES MAGISTRATE JUDGE

## NOTICE

The parties have ten (10) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

[Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990)]
[Nash v. Black, 781 F.2d 665 (8th Cir. 1986)]