UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
JAN 19 2007
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 06-50065-RHB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER ON MOTION TO |
| | ) | SUPPRESS EVIDENCE |
| JAMES DANIEL OCHSE, | ) | |
| | ) | |
| Defendant. | ) | |

I. **INTRODUCTION**

The matter before the Court comes from the United States Magistrate's findings and recommendations concerning defendant James Daniel Ochse's motion to suppress evidence. Following this Court's *de novo* examination of the record, the suppression hearing transcript, the suppression hearing exhibits, and the audio recording of the suppression hearing, this Court concludes that the searches of the home and vehicle were within the constructs of the Fourth Amendment.

II. **BACKGROUND**

A. **Facts**

Beginning in October 2005, defendant was placed under the supervision of United States Probation Officer Don Flemmer while serving a term of supervised release. As a condition of his supervised release, defendant was required to inform Officer Flemmer within ten days of any change of address. On June 20, 2006, defendant moved into an apartment located at 415 Seventh Street, Rapid City, South Dakota. This address was defendant's last reported address. When a

report was issued noting that defendant was engaged in drug dealing and in possession of a weapon, defendant's apartment was searched on July 19, 2006. Defendant was taken into state custody for these violations of law.

While in state custody, Officer Flemmer informed defendant that if he was released, he would be required to report to Community Alternatives of the Black Hills ("CABH"), a community corrections center. On July 28, 2006, Officer Flemmer was told that defendant's bond had been reduced and that his parents would bond him out of state custody. Upon his release, however, defendant neither reported to the community corrections center nor notified Officer Flemmer of an address change. Because of defendant's failure to report to CABH, Officer Flemmer issued a warrant for defendant's arrest.

On August 3, 2006, defendant's father, Roger Ochse ("Roger"), called the Lawrence County Sheriff's Department to report a break-in of his home by a fugitive. Roger then identified the fugitive as his son, defendant James Daniel Ochse. Roger indicated to the sheriff's office that defendant had recently been released on bond on four felony warrants, that he was in violation of federal probation, and that he was supposed to check in with his probation officer but did not do so. Roger informed the sheriff's department that defendant did not live in his parents' house and that defendant entered the residence by breaking a window.

En route to Roger's house, the sheriff's office called the home telephone to ascertain whether defendant would answer and, if so, to verify his presence. Defendant answered the telephone call, but lied to the officers about being inside the house. Shortly after the call was placed and answered, the deputies at the scene observed the garage door open and a white Jeep exiting. The vehicle, which was also owned by Roger, backed down the driveway for

approximately twenty feet, whereby the Jeep abruptly stopped and returned to the garage with the door closing behind it. The deputies then spotted an individual fleeing on foot from the house, exiting through a rear glass door. After leaping off a ravine and injuring himself in the fall, defendant was identified, arrested, and transported to the hospital.

Upon their return to the residence, deputies observed a broken window on an exterior door attached to the garage. Marty Goetsch, a Lawrence County Sheriff's Deputy, testified that the break-in was recent since broken glass still remained on the ground. An interior door leading to the living quarters of the home was also kicked-in, with damage to the door, door frame, and strike plate. These damages, too, were fresh, because a footprint and wood splinters were on the floor, but the rest of the residence was clean.

The officers inspected the house twice: first, to conduct a protective sweep of the home to ensure no one else was inside; second, to investigate and document the damages. However, a search warrant for the home and vehicle was not secured. Defendant, after being searched as well, was not in possession of house keys. There was no evidence found between the glass door defendant used to exit the house in an attempt to flee and the location of where defendant was found in the ravine.

**B.     Procedure**

On September 20, 2006, defendant filed a motion to suppress evidence obtained during the searches of the home and vehicle. The government submitted its response in opposition to the motion on September 29, 2006. A suppression hearing was held before United States Magistrate Marshall P. Young on October 11, 2006. On October 26, Judge Young issued findings and recommendations to this Court, recommending that the motion to suppress be

denied. Defendant filed his objections to the magistrate's findings and recommendations on November 9, 2006, and a transcript of the hearing was provided to the Court on December 11, 2006.

### III. DISCUSSION

#### A. Search of Home

Defendant argues that the warrantless search of his parents' home was in contravention of the Fourth Amendment's proscription of unreasonable searches and seizures. Because there was no warrant, defendant maintains that the search and seizure of the evidence was presumptively illegal and that the evidence must be suppressed. In his objections to the findings and recommendations of the magistrate, defendant contends that he retained an expectation of privacy in the residence, because he used to live there, his parents were in possession of some of his belongings, and his scheduled placement in CABH was only temporary.

Under the facts and circumstances of this case, however, defendant retained no expectation of privacy in his parents' home, thereby depriving him of standing to challenge the search of the house and seizure of the evidence. See United States v. Rodriguez-Arreola, 270 F.3d 611, 616-17 (8th Cir. 2001) (adhering to United States v. Stallings, 28 F.3d 58, 60 (8th Cir. 1994)). Although defendant formerly lived in his parents' home, it is of no consequence now. At the time of the search, defendant did not live in his parents' residence. This fact was corroborated by defendant's father during his contact with the sheriff's department as he reported defendant's break-in. Defendant was not in possession of a house key and had no other way to access the home when his parents were not present; rather, defendant used extreme force to enter the house. See United States v. Brown, 408 F.3d 1049, 1051 (8th Cir. 2005); United States v.

Mendoza, 281 F.3d 712, 715 (8th Cir. 2002); United States v. Miner, 108 F.3d 967, 969 (8th Cir. 1997). Therefore, because defendant retained no reasonable expectation of privacy in his parents' residence, defendant's motion to suppress evidence obtained during the search of the home is dismissed.

**B.     Search of Vehicle**

Although the vehicle was registered to Roger Ochse, defendant maintains that he exclusively used the Jeep and kept his belongings in it. Due to his possessory interest, defendant argues he had a reasonable expectation of privacy in the vehicle. As such, defendant asserts that the warrantless search of the white Jeep was in violation of the Fourth Amendment and, as a result, the evidence seized therein should be suppressed.

"Under the Fourth Amendment, the 'general rule' is that 'warrantless searches are presumptively unreasonable.'" United States v. Castaneda, 438 F.3d 891, 893 (8th Cir. 2006) (quoting Horton v. California, 496 U.S. 128, 133, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990)). "'[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions.'" Id. (following the rubric of United States v. Ross, 456 U.S. 798, 824-25, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)).

One such exception is the "automobile exception." Id. (citing Carroll v. United States, 267 U.S. 132, 158-59, 45 S.Ct. 280, 69 L.Ed.2d 543 (1925) for creating the exception). "The warrantless search of a vehicle is constitutional pursuant to the 'automobile exception' to the warrant requirement, if law enforcement had probable cause to believe the vehicle contained contraband or other evidence of a crime before the search began." United States v. Wells, 347

F.3d 280, 287 (8th Cir. 2003). "'Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place.'" Id. (quoting United States v. Fladten, 230 F.3d 1083, 1085 (8th Cir. 2000)).

There is no doubt that probable cause existed to justify the search of the Jeep. Here, the sheriff's deputies were responding to a break-in call that was reported by the homeowner. The homeowner, although the father of the intruder, informed the officers that defendant was out on bond, that defendant failed to report to his probation officer, and that defendant was in violation of his probation. Moreover, upon arriving at the scene, the deputies observed a white Jeep trying to leave the premises but then reenter the garage once the deputies were spotted. Immediately thereafter, the garage door closed and an individual was seen fleeing the house through a glass door attached to the house. The deputies identified the person as defendant once he was apprehended. No one other than defendant was present at the house.

Under the totality of the aforementioned circumstances, a reasonable person could conclude that defendant broke the window and interior door to enter the home without permission or a key. Once telephone contact was initiated between the deputies and defendant while he was inside the residence, a reasonable person could conclude defendant sought to avoid the authorities by leaving the home in the white Jeep. Because defendant was the individual attempting to evade contact with the deputies after breaking into his parents' house, and because defendant was the last person seen driving the vehicle, there was a high probability that contraband or evidence of his conduct could reasonably be found in the Jeep. Thus, the deputies possessed the requisite probable cause to search the white Jeep and seize any evidence. Id.

Although the law enforcement officers at the scene did not secure a warrant to search the automobile, probable cause existed to justify their search. Defendant's motion to suppress evidence obtained from the vehicle is therefore denied.

## IV. CONCLUSION

The United States Magistrate's findings and recommendations addressed defendant's arguments in his motion to suppress. In so doing, the magistrate recommended to this Court that defendant's motion be denied. Having proceeded *de novo* in reviewing the record, the suppression hearing transcript, the suppression hearing exhibits, and the audio recording of the hearing, this Court dismisses defendant's motion for lack of standing as to the search of the home and denies defendant's motion as to the search of the vehicle. Accordingly, it is hereby

ORDERED that defendant James Daniel Ochse's motion to suppress evidence (Docket #11) is dismissed.

Dated this 19th day of January, 2007.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE